[No. 11401. Department Two. February 6, 1914.]

TOWN OF CASTLE ROCK, *Respondent*, v. FRED C. FURTH
et al., *Appellants.*[1]

MUNICIPAL CORPORATIONS—POWERS—BOND TO SECURE FRANCHISES.
Rem. & Bal. Code, § 7755 *et seq.*, expressly authorizes towns to re-
quire a bond to secure the performance of conditions and terms of
franchises to furnish the town with electric lights.

STATUTES—TITLE AND SUBJECTS. The title to the Laws of 1907,
p. 564, giving cities and towns of the second, third and fourth class
certain "additional powers" is not invalid as embracing more than
one subject.

ELECTRICITY—FRANCHISES — REVOCATION—RESCISSION—ACTION ON
BOND. The revocation of a franchise to furnish a town with elec-
tric lights, upon a total failure to perform any of its conditions and
terms, is not such a rescission of the contract as to defeat the
town's right to recover on a bond given to secure performance of the
conditions.

SAME—ACTION ON BOND—TENDER OF CONTRACT. Recovery on a
bond to secure performance of the conditions of franchises to fur-
nish the town with electric lights is not defeated by the failure
of the town to tender a contract contemplated, where default had
prevented all possibility of such a contract before the time for
entering into it had arrived.

SAME — FRANCHISES — ELECTRIC LIGHTS—RATES — CERTAINTY. A
franchise for furnishing a town with electric lights is sufficiently
specific as to rates to enable the city to require performance, where
it fixes a monthly maximum charge for lights of specified power,
with a certain number to be furnished free.

SAME—FRANCHISES—PERFORMANCE—ACTION ON BOND—DAMAGES—
EVIDENCE—SUFFICIENCY. The evidence sustains a judgment for $500
on a bond to secure the performance of conditions and terms of a
franchise for furnishing a town with electric light, where there was
a total failure to comply with the terms of the franchise, which was
thereupon revoked, and the town in securing lights elsewhere, en-
tered into a contract costing the town for such light, in the aggre-
gate, much more than $500 in excess of what would have been due
under the franchise.

SAME—FRANCHISES—PERFORMANCE—BOND—CONSTRUCTION. A bond,
conditioned that the grantees of a franchise to furnish a town with
electric lights shall commence furnishing lights in the town by a

[1]Reported in 138 Pac. 317.

certain date, sufficiently secures the commencement of furnishing lights to the town by the date specified.

Appeal from a judgment of the superior court for Cowlitz county, Back, J., entered April 3, 1913, upon findings in favor of the plaintiff, in an action on contract tried to the court. Affirmed.

*Imus & Gore* and *Benton Embree,* for appellants.

*O'Neill & Spaulding,* for respondent.

PARKER, J.—The town of Castle Rock seeks recovery upon a bond executed by Fred C. Furth and W. T. Brown, as principals, and The Empire Surety Company, as surety, to secure performance by Furth and Brown of certain things by them to be performed under the terms of an electric light franchise granted by the town. A trial before the court without a jury resulted in findings and judgment against all of the defendants in the sum of $500, from which they have appealed.

In October, 1911, the town council of Castle Rock passed an ordinance granting to one Davis and his associates a franchise,

"To construct, maintain and operate electric light lines and lines for transmitting electric power, together with poles, wires, and other appurtenances upon, over, along and across the roads, streets, alleys, and other public ways within the corporate limits of the town of Castle Rock."

Other provisions of this franchise ordinance, so far as we need here notice them, are as follows:

"The grantees shall by contract to be entered into furnish to the town of Castle Rock for street lights, as many standard arc lights, of not less than six amperes capacity and as many incandescent lights of thirty-two candle power as the council may for each contract period require, located as the council may direct, and shall furnish and maintain all such lights and fixtures appurtenant thereto at its own expense and the same shall be. their property. The monthly charge therefor shall be, for the contract period, such sum as may

be agreed upon, but not exceeding one ($1) dollar for each thirty-two candle power incandescent light and five dollars and fifty cents ($5.50) for each arc light of six ampere capacity and out of each eleven arc lights so contracted for, one shall be free.

"Further, the grantees shall light the council chamber of the city with such number of lights as the council shall deem sufficient, all not to exceed thirty-two candle power each. The grantees shall further furnish to the town of Castle Rock, during the term of this franchise free of charge, and at such points as the city authorities shall designate, one standard arc light, of not less than six amperes capacity for each additional three-hundred and fifty population of said town, as designated by the last federal or municipal census.

"The town of Castle Rock agrees to immediately enter into a contract for a period of ten years to be designated in said contract with said grantees to purchase sufficient and necessary street lights, under the conditions of the above outline, the minimum amount of said contract to be sixty dollars per month."

Thereafter, appellants Furth and Brown succeeded by assignment to all of the rights of the grantees under this franchise. Thereafter, Furth and Brown, as principals, and the Empire Surety Company, as surety, executed the bond provided for in the franchise ordinance. The bond is in usual form, reciting that the principals and surety are bound unto the town of Castle Rock in the sum of $500, referring to the franchise ordinance, clearly showing that it was executed in pursuance of the provisions of that ordinance and is conditioned as follows:

"Now, therefore, if the said Fred C. Furth and W. T. Brown shall commence furnishing lights and power in the town of Castle Rock by April 1st, 1912, as provided in said ordinance No. 104 of the town of Castle Rock, state of Washington, then this obligation to be void; otherwise to be and remain in full force and virtue."

Nothing was ever done by the grantees nor by Furth and Brown towards the construction of the electric light lines contemplated by the franchise ordinance, nor did they ever

offer to furnish lights within the city as required by the ordinance. The time within which they were to so furnish light having expired on April 1, 1912, on the following day the city council passed an ordinance declaring their rights forfeited, and gave notice thereof, as the town was expressly authorized to do by the provisions of the franchise ordinance, upon the failure of the grantees or their assigns to comply with the terms thereof. Thereafter, the town council entered into contracts with other parties for supplying the town with electric light at a considerable higher rate than the maximum as provided in the franchise ordinance for the furnishing of electric light by Furth and Brown. Thereafter, the town commenced this action to recover from Furth and Brown upon the bond executed by them to secure the furnishing of electric light by them on or before April 1, 1912, in compliance with the terms of the franchise ordinance. The town sought to have its damage incurred by reason of the failure of Furth and Brown to furnish electric light, as agreed by them, measured by the difference between the maximum amount it would have been required to pay under that franchise ordinance and the amount it was compelled to pay under the new contract it entered into thereafter with other parties. The trial court adopted this measure.

It is first contended by counsel for appellant that the bond sued upon was executed without authority of law on the part of the town to require such a bond. It seems to us this contention needs no other answer than the language of chapter 228, Laws of 1907, p. 564 (Rem. & Bal. Code, § 7755 *et seq.*), which expressly authorizes cities and towns of the second, third and fourth class, Castle Rock being a town of the fourth class, to require a bond from persons receiving from any such city or town a franchise of the nature here involved, to secure the faithful performance of the conditions and terms of such franchise.

It is insisted, however, by counsel for appellant, that this law is invalid because, as it is claimed, the title embraces more

than one subject. This contention is presented to us without argument, or citation of authority. We think it is without merit.

It is next contended that, since the council passed an ordinance revoking the franchise ordinance for which the bond was given to secure the faithful performance of on the part of Furth and Brown, such revocation amounted to a rescission by the town of the contract evidenced by the franchise ordinance, and that, therefore, there is no foundation for the recovery. We are unable to see the force of this contention. Furth and Brown had not only failed to perform their obligations under the franchise ordinance within the time therein specified, but it is also manifest that they were not in a position at that time to do so, and had no intention of doing so. In other words, they had abandoned all their rights and repudiated all their obligations thereunder. Clearly, the town had the right to treat the franchise contract as abandoned by Furth and Brown and to recover upon the bond for whatever damage it suffered by reason of such abandonment. *Lake Shore & M. S. R. Co. v. Richards*, 152 Ill. 59, 38 N. E. 773; see note to this case in 30 L. R. A. 33. If the contention of counsel for appellant be correct, then the bond would have been given to no purpose whatever.

Some contention is made that, since the town has not complied, or offered to comply, with its promise embraced in the franchise ordinance—that is, that it has not offered to enter into a contract for the purchase of electric light at the maximum rate specified, or any other rate, it is in no better position than as if there had been mutual rescission of the franchise contract. There might be some merit in this contention if the time had arrived, under the terms of this franchise, when the town would have been required to enter into the contract thereby contemplated, and had not the failure of Furth and Brown prevented all possibility of such a contract. Their contention upon this theory, we think, is wholly without merit. Some contention seems to be made upon the

theory that the franchise ordinance is not sufficiently specific as to the rates to be paid by the town to Furth and Brown, and the quantity of electric light which the town was to take. We think, however, the provisions of the franchise ordinance above quoted are sufficiently specific to enable either party to require the other to enter into the contract contemplated, and, Furth and Brown having failed to perform the conditions precedent, they are in no position to complain of the town's failure to tender a proper contract.

It is contended that the evidence does not support the findings and judgment, in that there is a failure to show the amount of damage incurred by the city by the failure of Furth and Brown to furnish electric light as provided in the franchise ordinance. This presents only a question of fact. We think the evidence fully sustains the court's finding that the town was damaged more than $500 because of the failure of Furth and Brown to comply with the terms of their franchise contract, in that the town was required, in order to furnish itself (not its citizens) light, to enter into a contract with other parties costing the town for such light in the aggregate, much more than $500, in excess of what it would have paid under the contract it was entitled to under the Furth and Brown franchise.

Some contention is made that the conditions of the bond are not broad enough to cover the damage awarded by the judgment, in that the bond was conditioned only that Furth and Brown "shall commence furnishing lights in the town of Castle Rock by April 1, 1912, as provided by said ordinance." We think this condition secured not only the commencement of furnishing light "in the town," but also secured the commencement of furnishing light to the town upon the date specified under a contract with the town such as was contemplated by the franchise ordinance.

The judgment is affirmed.

CROW, C. J., FULLERTON, MOUNT, and MORRIS, JJ., concur.